LONNIE WILLIAM FLOWERS, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flowers v. Commissioner
Docket No. 3185-90
United States Tax Court
T.C. Memo 1991-542; 1991 Tax Ct. Memo LEXIS 594; 62 T.C.M. (CCH) 1120; T.C.M. (RIA) 91542; October 30, 1991, Filed *594 Decision will be entered under Rule 155. Lonnie William Flowers, pro se. Don M. Parkinson, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for the year 1986 in the amount of $ 2,779.68 and an addition to tax under section 6651(a)(1) in the amount of $ 910.42. Concessions having been made by the parties, the issues remaining for decision are: (1) Whether petitioner, an ordained minister, must include the fair rental value of his parsonage in determining his net earnings from self-employment under the provisions of sections 1401 and 1402 for the year in issue; and (2) whether petitioner is liable for that portion *595 of the addition to tax under section 6651(a)(1) attributable to the portion of the deficiency consisting of self-employment tax under section 1401. Some of the facts have been stipulated. The stipulations of fact and accompanying exhibits are incorporated by this reference. Petitioner resided in Joliet, Illinois, at the time he filed his petition. 1. Self-Employment Tax
Petitioner served as pastor at Grace Christian Methodist Episcopal Church in Detroit, Michigan, from January to August 1986. He served as pastor at St. Mark Christian Methodist Church in Joliet, Illinois, from August through December 1986. Each church congregation owned a home that was provided as housing for its pastor. Petitioner and his family were furnished the use of the houses incident to petitioner's performance of service as pastor of the congregations. The fair rental value of the houses was $ 550 per month ($ 6,600 per year). Petitioner has never filed an application to receive an exemption from the self-employment tax imposed under section 1401 during 1986 or earlier years. Petitioner filed a Schedule SE (Computation of Social Security Self-Employment Tax) with his 1986 tax return. He *596 reported $ 7,008.32 net earnings from self-employment on this schedule. Petitioner did not include in net earnings the fair rental value of the houses for the taxable year 1986, i.e., $ 6,600. Respondent, in his notice of deficiency, included the fair rental value of the houses in determining petitioner's net earnings from self-employment for the taxable year. Respondent determined self-employment tax of $ 2,495.32 of which $ 811.80 is attributable to the fair rental value of the houses. In his petition, petitioner placed in issue self-employment tax totalling $ 811.80, arguing that since "the fair rental value of a minister's parsonage is not taxable income, the IRS should not include this in the computation of self-employment tax." Petitioner's claim that net earnings from self-employment cannot include the fair rental value of a minister's parsonage is based on the Supreme Court case of Rowan Companies, Inc. v. United States, 452 U.S. 247, 68 L. Ed. 2d 814, 101 S. Ct. 2288 (1981). We addressed and rejected a similar argument of the taxpayer in Bass v. Commissioner, T.C. Memo 1983-536. In that case, we stated that section 1402(a)(8) specifically provides that the parsonage *597 allowance, although excluded from gross income under section 107, is included in the net earnings from self-employment of an ordained minister. See also section 1.1402(a)-11(a), Income Tax Regs., which provides: * * * Thus, a minister who is subject to self-employment tax with respect to his services as a minister will include in the computation of his net earnings from self-employment for a taxable year ending on or after December 31, 1957, the rental value of a home furnished to him as remuneration for services performed in the exercise of his ministry or the rental allowance paid to him as remuneration for such services irrespective of whether such rental value or rental allowance is excluded from gross income by section 107.
* * * It is clear, under the statute and regulations, that an ordained minister who is subject to self-employment tax must include the rental value of a parsonage in the computation of his net earnings from self-employment. Accordingly, in Bass v. Commissioner, supra, we held that the taxpayer's reliance on Rowan Companies v. United States, supra, was misplaced. Here, as in Bass, the statute *598 is explicit that the parsonage allowance excluded from gross income under section 107 is included in net earnings from self-employment of an ordained minister on which the self-employment tax is imposed. We have examined petitioner's other arguments and find them unpersuasive and without merit. Accordingly, respondent's determination is sustained. 2. Addition to Tax - Section 6651(a)(1)
Respondent determined that petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1986. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner bears the burden of proving that his failure to file a timely return was due to reasonable cause and not willful neglect. Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). Petitioner's 1986 Federal income tax return was due to be filed no later than April 15, 1987. He filed the return almost 20 months late on December 12, 1988. In a filed stipulation of settled issues, petitioner agreed that the addition to tax under section 6651(a)(1) is applicable only to adjustments *599 agreed to by the parties other than the inclusion of petitioner's parsonage allowance in petitioner's net earnings from self-employment under section 1402(a). In his memorandum of authorities, petitioner requests this Court "to relieve (him) of the penalties * * * incurred from the failure to include 'fair market value' of the parsonages in the computation of the Self-Employment Social Security Tax." Petitioner's contention is that the section 6651(a)(1) addition to tax applies only to that part of the deficiency attributable to the concessions of the parties, but not to that part of the deficiency attributable to self-employment tax under section 1401. Since we have ruled against petitioner on the self-employment tax issue, petitioner must sustain his burden of showing that his failure to include the fair market value of his parsonage in determining his net earnings from self-employment on a timely filed tax return was due to reasonable cause. Petitioner has failed to sustain this burden. Accordingly, the addition to tax is applicable to the entire deficiency. To take account of the parties' concessions, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩